UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

          Plaintiff,

v.

                                    Case No. 2:26-cv-11150
                                    Hon. Brandy R. McMillion

ALBANY FARM INC. et al.,

          Defendants.
_____/

## <u>OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE</u>

Plaintiff Darryl McGore, a prisoner in the custody of the Michigan Department of Corrections, filed a civil rights action under 42 U.S.C. § 1983.  ECF No. 1. For the reasons stated below, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

On April 15, 2026, Chief Magistrate Judge David R. Grand signed an Order of Deficiency in this case because McGore had neither paid the filing and administrative fees nor moved to proceed in forma pauperis. *See* ECF No. 4.  The order required him to file the proper documents or pay the filing fee within thirty days. *Id*.  On May 8, 2026, McGore filed a Motion to Vacate the Court's previous Order of Deficiency.  ECF No. 5.  The Court denied the motion and ordered that McGore file the required Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a

current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six months immediately preceding the filing of the complaint on or before June 1, 2026.  *See* ECF No. 6. The Court cautioned McGore that his failure to comply with the order would result in dismissal of the action for failure to prosecute.  *Id*.  The time to comply with the Court's order has now passed and McGore has neither submitted the documents required to proceed *in forma pauperis* nor paid the filing fee.

Federal Rule of Civil Procedure 41(b) gives the district court power to dismiss a complaint where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order."  Fed. R. Civ. P. 41(b).  This rule provides the Court a tool to effectively manage its docket. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citation omitted).  McGore did not comply with the Court's orders despite notice that noncompliance would result in dismissal. Therefore, the Court must dismiss the case without prejudice.  *See May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001) (affirming dismissal of case for lack of prosecution where pro se litigant failed to comply with "readily comprehended" order).

Accordingly, **IT IS HEREBY ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.  McGore may file a new civil rights complaint under a new case number provided he either: (a) file the necessary

documentation to proceed in forma pauperis, or (b) pay the applicable filing and administrative fees.

**IT IS SO ORDERED.**

Dated:  July 20, 2026

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
UNITED STATES DISTRICT JUDGE